UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
26-mj-69(MJD/DJF)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **DEFENDANT'S MOTION** |
| Plaintiff, | ) | **FOR DISCLOSURE –** |
| | ) | **OFFICER CONDUCT ON** |
| v. | ) | **JANUARY 13, 2026 AND** |
| | ) | **OTHER ACTS OF** |
| MARGARET SAGER, | ) | **MISCONDUCT,** |
| | ) | **EXCESSIVE FORCE OR** |
| Defendant. | ) | **DISHONESTY** |

Defendant, Margaret Sager, by and through counsel Bruce D. Nestor of De León and Nestor, LLC states as follows in support of her Motion for Disclosure:

<u>INTRODUCTION</u>

Beginning in December of 2025 through February of 2026, the federal government deployed thousands of federal agents to Minnesota. Almost uniformly, these agents acted as if they were a secret police force. They concealed their identities by wearing masks, failed to display name or number identification badges, used false license plates on their vehicles, and took other steps to conceal their identity from the public. At the same time, both judicial findings and citizen observers documented widespread acts of misconduct by federal agents including the excessive use of force, retaliation against citizens engaged in protected First Amendment activity, and false reporting of threats and assaults on federal agents.

On January 7, 2026, Immigration and Customs Enforcement (ICE) Officer Jonathan Good shot and killed Renée Nicole Macklin Good near the intersection of

1

Portland Avenue South and East 34th Street in Minneapolis, MN. The shooting of Ms. Good was widely publicized and created fear among residents of the neighborhood that they were at risk of being harmed or killed by federal agents. Six days later, on January 13, 2026, federal agents returned to the neighborhood where Ms. Good was killed. Agents were present in force at Park Avenue and East 34th Street, approximately one block from where Ms. Good was killed. Shortly after 10:00 a.m., agents encountered Aliya Rahman, a United States citizen with disabilities driving through the neighborhood on her way to a medical appointment. Federal agents violently assaulted Ms. Rahman, dragged her from her vehicle, and arrested her without probable cause. No charge were ever filed against Ms. Rahman. In response to neighbors verbally protesting the violent and illegal actions of federal agents, federal agents began to push and shove civilian observers and deploy chemical irritants.

The above incidents were all known to or witnessed by Margaret Sager as of January 13, 2026, prior to her own arrest. By this Motion for Disclosure, Ms. Sager seeks information held by the Government which is subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972) and its progeny, which would: (1) be material to the preparation and presentation of Ms. Sager's defense at trial that she acted in the defense of others and out of necessity to avoid a greater harm; and, (2) allow Ms. Sager to identify whether the federal agents and witnesses in her case were involved in other acts of misconduct or false statement, evidence of which would be admissible at trial of this matter under Fed.R.Evidence 404(b), and/or as impeachment evidence with respect to any testifying federal agent.

<u>REQUESTS FOR DISCLOSURE</u>

Ms. Sager seeks disclosure of the following categories of information in the government's possession, custody or control, and which is subject to disclosure under *Brady*, *Giglio* and Rule 16(a)(1)(E)(i) as information which is material to preparing Ms. Rank's defense at trial:

A. All reports, video, body camera footage, photographs, interview summaries, audio recordings, or other documents related to the contact of federal agents with Aliya Rahman on January 13, 2026;

B. All reports, video, body camera footage, photographs, interview summaries, audio recordings, or other documents related to presence of federal agents in the vicinity of Park Avenue South and 34th Street East on January 13, 2026;

C. All third-party video, audio, or photographs in the possession and control of the government, related to presence of federal agents in the vicinity of Park Avenue South and 34th Street East on January 13, 2026;

D. All reports, video, body camera footage, photographs, interview summaries, audio recordings, or other documents related to the arrest of any individual on probable cause criminal grounds on January 13, 2026, in the vicinity of Park Avenue South and 34th Street East;

E. Video and audio body camera footage from any government officer, agent, or employee present at Park Avenue South and 34th Street East on January 13, 2026, created prior to the arrest of Ms. Sager;

F. All documentation related to the use of force by federal agents on January 13, 2026, in the area of Park Avenue and 34th Avenue East, including the use of less-lethal munitions, chemical irritants, and physical contact between federal agents and civilians.

G. All documents, communications, phone records, chats, emails, transmittals, and any other exchange of information between or among DHS, CBP, FPS, the U.S. Attorney's Office for the District of Minnesota, the Department of Justice, and any other law enforcement or prosecutive authorities regarding the potential or actual charging, declination, presentment, dismissal,

recharging, or recharacterization of any criminal charges related to Ms.Sager.

H. All law enforcement training records or curricula for any law enforcement officers involved in Ms. Sager's arrest and the incident alleged in the Information.

I. For each federal agent who had contact with Ms. Sager or were involved in her arrest, information from their personnel files related to prior allegations of misconduct, excessive use of force, or dishonesty, and a complete criminal history for each agent. This would include all disciplinary files, Internal Affairs files, adverse findings regarding credibility or fitness, any other adverse performance assessments for any of the aforementioned agents or officers.

## CONCLUSION

This motion is based on the indictment, records and files in the above-entitled action and any and all other matters which may be presented prior to or at the time of the hearing of said motion. Ms. Rank asks that this matter be set for hearing, and that upon hearing, the Court order the Government to disclose the above enumerated items.


Date: April 6, 2026                    S/BRUCE D. NESTOR
                                       Bruce D. Nestor, 0318024 – MN
                                       DE LEÓN & NESTOR, LLC
                                       3547 Cedar Avenue South
                                       Minneapolis, MN  55407
                                       (612) 659-9019
                                       (612) 436-3664 – Facsimile
                                       nestor@denestlaw.com

                                       ATTORNEY FOR MARGARET SAGER