# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

# CRIMINAL MOTION HEARING

United States of America,

          Plaintiff,

v.

Margaret Sager,

          Defendant.

## COURT MINUTES - CRIMINAL
BEFORE:  Dulce J. Foster
U.S. Magistrate Judge

| | |
|---|---|
| Case No: | 26-mj-69 (MJD/DJF) |
| Date: | April 29, 2026 |
| Venue: | Minneapolis |
| | Courtroom 8E |
| Court Reporter: | Janell Gruber |
| Time: | 1:37 PM – 3:36 PM |
| Total Time: | 1 Hour, 59 Minutes |

**APPEARANCES:**

For Plaintiff: Richard Maxin Hoover, Robert Tucker
For Defendant: Bruce D. Nestor
Defendant: Margaret Sager

**PROCEEDINGS:**

The Court held a hearing on the following motions: Defendant's Motion for Disclosure – Officer Conduct on January 13, 2026 and Other Acts of Misconduct, Excessive Force or Dishonesty (ECF No. 34) ("Motion for Disclosure"); Motion for an Order to Show Cause (ECF No. 39); Motion for Rule 16 Discovery (ECF No. 43); and Motion for an Evidentiary Hearing (ECF No. 44).

Defendant's Exhibit 1 was offered and accepted into evidence.

For the reasons stated on the record, the Court **GRANTED** Defendant's Motion for Disclosure (ECF No. 34) **IN PART** and directed the Government to search for and produce the following to the extent it exists:

1. Video, body camera footage, photographs, and audio recordings in the Government's possession, whether produced by Government agents or retrieved by the Government from third parties, related to the presence of federal agents within a 1-block radius of the address where federal agents arrested Defendant that captures the hours of 9:00 A.M. and 12:15 P.M. on January 13, 2026;

2. Reports or documents pertaining to the initial purpose for the federal agents' presence at the address where Defendant was arrested on January 13, 2026;

3. The complete and unedited third-party video in the Government's possession that was previously produced in part to Defendant and that depicts Defendant's arrest;

4. The identities of individuals arrested on January 13, 2026 within a 1-block radius of the address where federal agents arrested Defendant;

5. Reports or documents related to the arrests of individuals who were being arrested when Defendant's alleged criminal conduct occurred on January 13, 2026;

6. Reports documenting the use of force between the hours of 9:00 A.M. and 12:15 P.M. on January 13, 2026 within a 1-block radius of the address where federal agents arrested Defendant; and

7. The following for each federal agent who had contact with Defendant or was involved in her arrest and whom the Government plans to call to testify at trial or a pretrial hearing:
   a. Training records and curricula;
   b. Information from their personnel files related to prior allegations of misconduct, excessive use of force, or dishonesty; and
   c. A complete criminal history.

For the reasons stated on the record, the Court also **GRANTED** Defendant's Motion for Rule 16 Discovery (ECF No. 43) **IN PART** and directed the Government to search for and produce the following to the extent it exists:

A. The identities of any DHS agents, U.S. Marshal personnel, Department of Justice personnel, or other government personnel who participated in arranging, taking, or appearing in the staged photo of Defendant after her self-surrender on January 28, 2026;

B. Communications by and between any officials at the Department of Justice or DHS: (1.) regarding the publication of Sager's photo by Attorney General Bondi's X account or DHS's X account; or (2.) related to the coordination of Ms. Sager and other individuals' charging and self-surrender to coincide with the planned visit of Attorney General Bondi to Minnesota.

C. Documents, recordings or summaries of directions provided to United States Attorneys by Deputy Associate Attorney General Aakash Singh to prioritize prosecution of protestor cases to be coupled with issuing press releases, "blasting out" the filing of charges, including any reports or responses to said directions by the United States Attorneys' Office for Minnesota, but only insofar as these documents, recordings, or summaries state or suggest a purpose or motive to discourage or punish protests against the Department of Homeland Security or Immigration and Customs Enforcement.

If the Government believes any of the discovery ordered in paragraphs A, B or C is privileged, the Government may produce it to the Court ex parte for in camera review and must provide a privilege log to Defendant that appropriately catalogs the ex parte discovery.

Except for the discovery ordered in paragraph 7, the Court further directs the Government to produce the discovery ordered pursuant to ECF Nos. 34 and 43 on a rolling basis and complete production on or before **June 10, 2026**. The discovery ordered in paragraph 7 must be produced when the Government identifies an agent as a witness it intends to call at the trial or hearing, in sufficient time for defense counsel to review the discovery before the witness testifies.

The Court deferred ruling on Defendant's Motion for an Order to Show Cause (ECF No. 39) and Motion for an Evidentiary Hearing (ECF No. 44) and ordered supplemental briefing.

Government's additional briefing due: **June 10, 2026**.

Defendant's reply due: **July 1, 2026**.

Order on Defendant's Motion for Evidentiary Hearing (ECF No. 44) due: **July 31, 2026**

Order on Defendant's Motion for Order to Show Cause (ECF No. 39) due: **July 31, 2026**, unless Defendant's Motion for Evidentiary Hearing is granted, in which case the Court will take the motion under advisement following the evidentiary hearing and any additional post-hearing briefing.

☐ORDER TO BE ISSUED   ☒ NO ORDER TO BE ISSUED ☐R&R TO BE ISSUED ☒NO R&R TO BE ISSUED

☐ Exhibits retained by the Court   ☐ Exhibits returned to counsel

Date: April 30, 2026                                    *s/ Daniel Caballero*
                                                         Law Clerk